Opinion issued December 23, 2004








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00317-CV




ALICE JOSEPH, Appellant

V.

MIRROR FINISHES & COLLISION OF HOUSTON, INC., AND NUVELL
FINANCIAL SERVICES CORPORATION, Appellees




On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 1999-57266




MEMORANDUM OPINION

          Appellant Alice Joseph sued (1) Gary Golden d/b/a West Houston Title Service
(“West Houston Title”); (2) Mirror Finishes & Collision of Houston, Inc., (“Mirror
Finishes-Houston”); (3) Mirror Finishes & Collision of Texas, L.L.C., (“Mirror
Finishes-Texas”); (4) Unistar Financial Services Corporation, (“Unistar”); (5) Great
Southern General Agency, (“Great Southern”); (6) Daniel L. DesChamps; (7) Mark
A. Sparks; and (8) Nuvell Financial Services Corporation (“Nuvell”) to recover
damages associated with the repossession and subsequent sale of her car. Appellee
Nuvell then filed (1) a counterclaim against Joseph for the remaining balance due on
her note; (2) a cross action against West Houston Title and Mirror Finishes-Houston
d/b/a and a/k/a Mirror Finishes-Texas; and (3) a third-party action against Joseph’s
husband, Wilbert J. Joseph, Jr. Joseph appeals two trial court orders granting
summary judgments to Nuvell and to appellee Mirror Finishes-Houston. During the
pendency of the appeal, our court twice requested that Joseph supplement our record,
and once abated the case to allow the parties to clarify the finality of the trial court’s
orders. Despite the efforts of the parties in response to our inquiries, the record
before us demonstrates that this case lacks finality. We therefore dismiss the appeal
for want of jurisdiction. 
Background
          Joseph filed her lawsuit against numerous defendants to recover damages
associated with the repossession and subsequent sale of her car. Nuvell then filed a
counterclaim, a cross action, and a third-party action. Mirror Finishes-Houston filed
a motion for partial summary judgment and a motion for final summary judgment. 
The trial court granted both of Mirror Finishes-Houston’s summary judgment
motions. Nuvell also filed a motion for summary judgment against Joseph, which the
trial court granted. Joseph filed her own motion for summary judgment against
Mirror Finishes-Texas and West Houston Title. The trial court granted Joseph’s
summary judgment against Mirror Finishes-Texas and West Houston Title. Joseph
appeals the two trial court orders’s granting summary judgment to Nuvell and Mirror
Finishes-Houston. 
          In an order issued in June 2003, we abated this appeal and remanded the case
to the trial court. We directed Joseph to obtain a date for a trial court hearing to
resolve claims involving herself and Mirror Finishes-Houston, and we directed the
trial court to file a supplemental record containing a final judgment disposing of all
parties and claims. In an order issued in October 2003, we lifted the abatement,
reinstated Joseph’s appeal, and ordered the trial court to file a clerk’s record. 
          In this appeal, Joseph claims that the trial court erred in granting Mirror
Finishes-Houston’s and Nuvell’s motions for summary judgment because: (1) the
mechanic’s lien that resulted in the repossession and sale of her car is invalid, and
thus disputed issues of material fact exist regarding her claims; (2) Nuvell failed to
determine whether the Mirror Finishes-Houston possessed a valid lien, thus breaching
its contract with Joseph; and (3) a genuine issue of material fact exists regarding
Joseph’s libel claims against Nuvell.Finality of the Motions for Summary Judgment
          The summary judgments from which Joseph appeals are neither final nor
appealable because they do not dispose of all parties and claims before the trial court,
neither by express recitation purporting to do so, nor as a factual matter apparent from
the face of the record. The general rule, with a few mostly statutory exceptions not
implicated here, is that an appeal may be taken only from a final judgment; that is, a
judgment disposing of all pending parties and claims. Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001). Absent a conventional trial on the merits, a
judgment is final for purposes of appeal only if it disposes of all pending parties and
claims in the record. Id. The intent to finally dispose of the case must be
unequivocally expressed in the words of the judgment or be apparent from the record. 
Id. at 200. 
          Here, the summary judgments neither dispose of every pending claim and
party, nor do they purport to be a final judgment as to “all claims and parties.” The
record in this case supports the interlocutory nature of the two summary judgment
orders at issue in this appeal. There is no “final” judgment in this case, nor do either
of the orders of the trial court granting summary judgment to Mirror Finishes-Houston and to Nuvell on Joseph’s claims purport to dispose of all parties and all
claims. The record contains no dismissal order, non-suit, or other instrument—i.e.,
a pleading amendment, a dismissal for want of prosecution, or a final judgment that
disposes of Joseph’s claims against the remaining six defendants. The record also
lacks any final orders disposing of Nuvell’s counterclaim, cross action, or third- party
action. Moreover, the two orders Joseph complains of on appeal have not been
severed by the main action.
          The record does reflect that the trial court issued an order granting Joseph’s
motion for summary judgment against two other defendants, Mirror Finishes-Texas
and West Houston Title. However, these summary judgment orders do not reduce
Joseph’s award to a money judgment, or any other specific form of relief, nor do they
purport to show that Joseph has a final judgment against either of these defendants
for any of the causes of action enumerated in her petition. Thus, the summary
judgment orders in favor of Joseph on her affirmative claims are also interlocutory
in nature. This case lacks finality and thus we lack jurisdiction to hear any direct
appeal. See id. 

Conclusion
          Based on the language of the summary judgment orders and the record
presented, we hold that the summary judgments at issue in this appeal are neither final
nor appealable. We therefore dismiss this appeal for want of jurisdiction. 
 
 
                                                                        Jane Bland
                                                                        Justice
 

Panel consists of Justices Taft, Jennings and Bland.